Mark Bettilyon, Utah Bar No. 4798
Peter M. de Jonge, Utah Bar No. 7185
Amina Malik (*pro hac vice forthcoming*)
THORPE NORTH & WESTERN, LLP
The Walker Center
175 S. Main Street, Suite 900
Salt Lake City, Utah 84111

*Attorneys for Plaintiff,*
Connor Sport Court International, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CONNOR SPORT COURT INTERNATIONAL, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>DYNAMIC SPORTS CONSTRUCTION, INC., a Texas Corporation,<br><br>Defendant. | Case No. 2:25-cv-00204-HCN<br><br>**COMPLAINT<br>WITH JURY DEMAND** |

## COMPLAINT

Plaintiff Connor Sport Court International, LLC (hereinafter "CSCI"), by and through its counsel, hereby files this Complaint with Jury Demand against Defendant Dynamic Sports Construction, Inc. (hereinafter "Defendant" or "Dynamic Sports") and alleges as follows:

## NATURE OF THE ACTION

1. CSCI brings this action under the Lanham Trademark Act, Title 15, United States Code § 1051, *et seq*, Utah Code Ann. §§13-5-103, and the laws of the State of Utah.

1

## PARTIES

2.	CSCI is a Delaware limited liability company and maintains a principal place of business at 5445 W. Harold Gatty Drive, Salt Lake City, Utah 84116.  CSCI has contracted independent distributors, dealers, and installers to sell its products and services nationally across the United States, including within this judicial district.

3.	Upon information and belief, Dynamic Sports is a Texas corporation having a principal place of business at 301 Sonny Drive, Leander, TX 78641, and conducts business within the United States, including within this judicial district.

## JURISDICTION AND VENUE

4.	This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338 and 15 U.S.C. §§ 1114, 1121, 1125.

5.	Upon information and belief, this Court has specific personal jurisdiction over Defendant because Defendant transacts and does business within this judicial district, causing harm suffered in the State of Utah, and this action is based upon activities that arise out of or relate to those contacts. In particular, Defendant is registered as a foreign corporation with the Utah Division of Corporations (Entity Number 5588859-0143). Defendant states on its website that it "proudly serve[s] every state in the nation." Defendant also states on its website that it is "a leading provider of state-of-the-art gymnasium and sport court flooring products and installation nationwide." Defendant also has a current Utah contractor's license, No. 5645230-5501. Defendant's website allows any individual from any state to contact it to receive more information about Defendant's products and services. Upon information and belief, Defendant sells and offers to sell its products and services to consumers in Utah, including consumers who are deciding whether to purchase products from CSCI.

6. Furthermore, the Utah Nonresident Jurisdiction Act directs a court to "appl[y] [the statute] so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution." Utah Code Ann. § 78B-3-201; *Raser Techs., Inc. v. Morgan Stanley & Co., LLC, 2019 UT 44*.

7. Upon information and belief, venue is proper in this judicial district for the reasons mentioned above, pursuant to 28 U.S.C. § 1391(b)(2). Alternatively, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because Defendant is subject to personal jurisdiction in this district.

## GENERAL ALLEGATIONS

### CSCI'S TRADEMARKS

8. Since at least as early as 1974, CSCI (and/or its predecessors-in-interest) has used the mark SPORT COURT in connection with the sale of athletic flooring, athletic accessories, and distribution, dealership, installation, and maintenance services for those products.

9. CSCI is the standout leader within the athletic flooring industry and supplies SPORT COURT branded products to such notable organizations as the National College Athletic Associate (the NCAA) and USA Volleyball.

10. For over 50 years, CSCI (and/or its predecessors-in-interest) has marketed and distributed its goods and services nationally, including in the State of Utah and Texas, under the mark SPORT COURT, acquiring substantial federal and common law trademark rights as well as goodwill in the mark SPORT COURT (hereinafter, the "SPORT COURT Mark").

11. CSCI's federal trademark rights include ownership of United States Trademark Registration No. 1,100,976 ("the '976 Registration") for the mark SPORT COURT registered for use in connection with "recreational patio installation services". This mark has acquired

incontestable status under 15 U.S.C. § 1065. Attached as Exhibit A is a copy of the '976 Registration certificate and a printout of its current status on the Trademark Status & Document Retrieval system of the United States Patent and Trademark Office ("TSDR").

12. CSCI is also the owner of United States Trademark Registration No. 1,155,586 ("the '586 Registration") for the mark SPORT COURT registered for use in connection with "sports equipment-namely, backboards, nets and ball rebounders". This mark has acquired incontestable status under 15 U.S.C. § 1065. Attached as Exhibit B is a copy of the '586 Registration certificate and a printout of its current status on TSDR.

13. CSCI is also the owner of United States Trademark Registration No. 1,727,818 ("the '818 Registration") for the mark SPORT COURT registered for use in connection with "recreational and athletic play surfaces and related equipment for said surfaces; namely, nets, basketball backboards and lighting fixtures sold as a unit". This mark has acquired incontestable status under 15 U.S.C. § 1065. Attached as Exhibit C is a copy of the '818 Registration certificate and a printout of its current status on TSDR.

14. CSCI is also the owner of United States Trademark Registration No. 2,479,328 ("the '328 Registration") for the mark SPORT COURT registered for use in connection with "plastic interlocking floor tiles". This mark has acquired incontestable status under 15 U.S.C. § 1065. Attached as Exhibit D is a copy of the '328 Registration certificate and a printout of its current status on TSDR.

15. As a result of CSCI's long and extensive use of the SPORT COURT Mark, it has become well known as an indicator of high-quality athletic flooring and related services.

16. The SPORT COURT Mark has acquired significant goodwill and is an asset of enormous value.

17. Through CSCI's promotion and advertising under the SPORT COURT Mark, the public has come to recognize the SPORT COURT Mark as originating from CSCI.

18. The SPORT COURT Mark is distinctive when used in connection with CSCI's goods and services.

### DEFENDANT'S MISCONDUCT

19. Defendant is in the business of installing, resurfacing, and maintaining indoor and outdoor athletic surfaces for residential and commercial spaces, and as a result, Defendant directly competes with CSCI in the athletic flooring industry.

20. Defendant uses a "Sport Court" trademark (the "Infringing Mark") that is identical or substantially indistinguishable from the SPORT COURT Mark in its marketing and advertising materials and on its website dynamicsportsconstruction.com, including in the visible text and hidden code, as shown in the representative examples below:

**Premier Multi-Sport and Gym Flooring Systems for Schools, Rec Centers, Universities, and More**

Dynamic Sports Construction is a leading provider of state-of-the-art gymnasium and sport court flooring products and installation nationwide. Our rubber gym flooring options are designed for maximum shock absorption to help protect athletes and enhance performance. The sports flooring products are extremely durable to last for years to come. Each flooring system can be custom-designed to meet the needs and branding of your high school gym, university, recreation center, fitness studios, pickleball court, or other multi-sport facilities. We also offer equine flooring solutions for horse stables and training centers.



21.     Defendant is not authorized by CSCI to use the SPORT COURT Mark in connection with Defendant's goods and services.

22.     Defendant is offering goods and services highly similar to the types of goods and services offered by CSCI using a trademark that is identical or substantially indistinguishable to the SPORT COURT Mark owned by and federally registered to CSCI.

23.     Defendant's actions are likely to cause confusion, to cause mistake, or to deceive consumers as to the source of its goods and services and cause a false association between CSCI and Defendant.

24.     Upon information and belief, Defendant uses the SPORT COURT Mark with the intent to influence the results of Internet search engine queries for "SPORT COURT."

25.     On or about November 12, 2024, CSCI sent Defendant a cease-and-desist letter,

requesting that Defendant cease any further use of the SPORT COURT Mark, as well as any other substantially similar marks on its website dynamicsportsconstruction.com. A copy of the letter is attached as Exhibit E. CSCI requested written compliance by November 26, 2024. No response was received, and no changes were made to Defendant's website.

26. On or about December 11, 2024, CSCI sent Defendant a second cease-and-desist letter to stop using the SPORT COURT Mark. A copy of the letter is attached as Exhibit F. CSCI demanded written compliance by December 23, 2024. In response to this letter, Defendant sent a letter via email on January 6, 2025, alleging that its use of the SPORT COURT Mark was non-infringing. A copy of the letter sent via email is attached as Exhibit G. Further, Defendant indicated that it would not cease use of the SPORT COURT Mark.

27. On January 7, 2025, CSCI sent a response to Defendant via email, demanding that Defendant stop using the SPORT COURT Mark. CSCI demanded written compliance by January 15, 2025. No response was received, and no changes were made to Defendant's website. CSCI sent a follow-up email on January 23, 2025, demanding written compliance by January 30, 2025. A copy of the email correspondence is attached as Exhibit H. No response was received, and no changes were made to Defendant's website.

28. Defendant, therefore, has actual notice that CSCI owns federal trademark registrations for the SPORT COURT Mark and owns common law rights in the SPORT COURT Mark.

29. Defendant's actions are likely to cause confusion, to cause mistake, or to deceive consumers as to the source of its goods and services and cause a false association between CSCI and Defendant.

30. Upon information and belief, Defendant's actions constitute a knowing and willful

false designation of origin of Defendant's goods and services.

31. In particular, Robert Wolesensky, the President of Defendant Dynamic Sports Construction, Inc, knew about the SPORT COURT Mark well before the institution of this lawsuit. Upon information and belief, Mr. Wolesensky previously worked as in-house counsel for SRI Sports, Inc. SRI Sports Inc. was a sister company of Sport Court, Inc., the predecessor to CSCI. Upon information and belief, Mr. Wolesensky previously assisted in enforcing the Sport Court Mark against infringers.

32. Mr. Wolesensky is listed as an attorney of record for Sport Court, CSCI's predecessor, in another trademark infringement suit involving the SPORT COURT Mark: *Connor Sport Court International, Inc. v. Rhino Sports, Inc.*, Case No. 2:02-cv-1815 (D. Ariz. 2002). The docket record in that case indicates that Mr. Wolesenky appeared as counsel for Sport Court, Inc. Upon information and belief, Mr. Wolesesnky enforced the SPORT COURT Mark against Rhino Sports.

33. Despite knowledge of the SPORT COURT Mark, Defendant chose to use the Infringing Mark throughout its website.

34. Upon information and belief, Defendant's actions have resulted in, and will continue to result in substantial, imminent, and irreparable harm and injury to CSCI and consumers. Additionally, the harm to CSCI from Defendant's actions is not fully compensable by money damages. CSCI has suffered and continues to suffer irreparable harm that has no adequate remedy at law and that will continue unless the infringement committed by Defendant is permanently enjoined.

## FIRST CAUSE OF ACTION

### INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS - 15 U.S.C. § 1114

35. CSCI realleges and incorporates by reference all of the foregoing paragraphs.

36. CSCI owns the '976 Registration, '586 Registration, '818 Registration, and '328 Registration—all valid United States trademark registrations for the SPORT COURT Mark and holds the exclusive rights to market and sell its products and services bearing the SPORT COURT Mark.

37. Defendant uses the SPORT COURT Mark in its marketing and advertising materials and on its website dynamicsportsconstruction.com, including in the visible text and hidden code.

38. Defendant is not authorized by CSCI to use the SPORT COURT Mark in connection with Defendant's goods and services.

39. Defendant's actions are likely to cause confusion, to cause mistake, or to deceive consumers and are trademark infringement pursuant to 15 U.S.C. § 1114.

40. Upon information and belief, Defendant's actions were and are deliberate, willful, fraudulent, and constitute a knowing infringement of the SPORT COURT Mark.

41. Defendant's infringement of the SPORT COURT Mark has caused and will continue to cause damage and irreparable injury to the value and goodwill of the SPORT COURT Mark, as well as damage and cause irreparable injury to CSCI's goodwill, business, and reputation.

42. Upon information and belief, CSCI is being irreparably damaged by Defendant's willful, unauthorized use of the SPORT COURT Mark in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using the CSCI's registered SPORT COURT Marks or any colorable imitation thereof.

43. CSCI is entitled to injunctive relief under 15 U.S.C. § 1116(a) as there is no adequate remedy at law to fully redress Defendant's illegal conduct.

44. In addition to injunctive relief, CSCI is entitled to all actual damages and lost profits that it has sustained in the amount to be determined at trial, including but not limited to three times Defendant's profits and gains as a result of its unfair competition described above, attorney's fees, and the costs of this action pursuant to 15 U.S.C § 1117.

## SECOND CAUSE OF ACTION

**FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION - 15 U.S.C. § 1125(a)**

45. CSCI realleges and incorporates by reference all of the foregoing paragraphs.

46. CSCI owns the '976 Registration, '586 Registration, '818 Registration, and '328 Registration—all valid United States trademark registrations for the SPORT COURT Mark and holds the exclusive rights to market and sell its products and services bearing the SPORT COURT Mark.

47. The SPORT COURT Mark has achieved secondary meaning, associating it in the minds of the purchasing public with CSCI and its services.

48. Defendant uses the SPORT COURT Mark in its marketing and advertising materials and on its website dynamicsportsconstruction.com, including in the visible text and hidden code.

49. Defendant is not authorized by CSCI to use the SPORT COURT Mark in connection with Defendant's goods and services.

50. Defendant's conduct as alleged herein, including its use of the SPORT COURT Mark, constitutes a false designation of origin, sponsorship, affiliation, and/or association of CSCI or the SPORT COURT Mark with Defendant and Defendant's products and services.

51. Defendant's conduct as alleged herein is willful and is intended to and likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with CSCI, or as to the origin, sponsorship or approval of Defendant's goods, services, or commercial activities by CSCI.

52. Defendant's conduct constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53. Upon information and belief, CSCI is being irreparably damaged by Defendant's unfair competition in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using the CSCI's registered SPORT COURT Marks or any colorable imitation thereof.

54. CSCI is entitled to injunctive relief under 15 U.S.C. § 1116(a) as there is no adequate remedy at law to fully redress Defendant's illegal conduct.

55. In addition to injunctive relief, CSCI is entitled to all actual damages and lost profits that it has sustained in the amount to be determined at trial, including but not limited to three times Defendant's profits and gains as a result of its unfair competition described above, attorney's fees, and the costs of this action pursuant to 15 U.S.C § 1117.

## THIRD CAUSE OF ACTION

### FEDERAL TRADEMARK DILUTION - 15 U.S.C. § 1125(c)

56. CSCI realleges and incorporates by reference all of the foregoing paragraphs.

57. CSCI owns the '976 Registration, '586 Registration, '818 Registration, and '328 Registration—all valid United States trademark registrations for the SPORT COURT Mark and holds the exclusive rights to market and sell its products and services bearing the SPORT COURT Mark.

58. The SPORT COURT Mark is famous and distinctive and is entitled to protection against dilution pursuant to 15 U.S.C. § 1125(c).

59. Defendant is not authorized by CSCI to use the SPORT COURT Mark in connection with Defendant's goods and services.

60. Defendant's unauthorized use of the SPORT COURT Mark is likely to cause dilution by blurring and/or tarnishment, pursuant to 15 U.S.C. § 1125(c).

61. CSCI has been and will continue to be damaged by Defendant's use of the SPORT COURT Mark.

62. Upon information and belief, Defendant's actions are willful, intentional and/or deliberate.

63. CSCI is entitled to injunctive relief under 15 U.S.C. § 1116(a) as there is no adequate remedy at law to fully redress Defendant's illegal conduct.

64. In addition to injunctive relief, CSCI is entitled to all actual damages and lost profits that it has sustained in the amount to be determined at trial, including but not limited to three times Defendant's profits and gains as a result of its unfair competition described above, attorney's fees, and the costs of this action pursuant to 15 U.S.C § 1117.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in favor of CSCI as follows:

A. That the Court enter judgment that Defendant's use of the SPORT COURT Mark is likely to cause confusion resulting in trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125, and the laws of the State of Utah;

B. That the Court enter judgment that Defendant's actions constitute false designation

of origin and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A);

  C. That the Court enter judgment that Defendant has diluted CSCI's famous SPORT COURT Mark in violation of 15 U.S.C. § 1125(c);

  D. That the Court preliminarily and permanently enjoin Defendant from using the terms "sportscourt," "multi-sport court," "multi-sports court," "sport court," "sports court," "sport courts", or any term that infringes the SPORT COURT Mark, or unfairly competes with CSCI;

  E. That the Court enter judgment that the SPORT COURT Mark is distinctive and not generic;

  F. That the Court require Defendant to sanitize its online presence, removing any and all infringement of the SPORT COURT Mark from the visible text and hidden code on its website;

  G. That the Court order such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that the products and services sold and promoted by Defendant are authorized by CSCI or related in any way to CSCI's services;

  H. That the Court enter judgment ordering Defendant to provide CSCI with a full and complete accounting of all products sold and profits gained in connection with its infringing activities;

  I. That the Court enter judgment that CSCI recover from Defendant damages in an amount to be proven at trial, including general, special, actual, and statutory damages. Pursuant to 15 U.S.C. § 1117, the amounts should include CSCI's damages and Defendant's profits, if any, trebled pursuant to 15 U.S.C. § 1117(b), or alternatively, enhanced statutory damages pursuant to 15 U.S.C. § 1117(c), for Defendant's willful violations of the SPORT COURT Mark;

  J. That the Court require Defendant to pay prejudgment and post-judgment interest until such awards are paid;

K.  That the Court require Defendant to pay CSCI's costs and attorneys' fees incurred in this action; and

L.  That the Court order such other and further relief for CSCI as shall seem just and proper to the Court.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, CSCI hereby demands a jury trial on all claims and issues so triable.

DATED this 17th day of March 2025.

Respectfully Submitted,

/s/ Peter M. de Jonge
**THORPE NORTH & WESTERN, LLP**
Mark Bettilyon, Utah Bar No. 4798
Peter M. de Jonge, Utah Bar No. 7185
Amina Malik (*pro hac vice forthcoming*)
175 S. Main Street, Suite 900
Salt Lake City, Utah 84111

*Attorneys for Plaintiff*,
Connor Sport Court International, LLC